MATTER OF D——

In DEPORTATION Proceedings

NOR–87

*Decided by Board May 13, 1959*

**Fine—Section 271(a) of 1952 act—Not imposed where aliens did not "land."**

Assisting and concealing alien stowaways on board vessel will not subject ship's officer to fine under section 271(a) of the 1952 act when a "landing" is not actually effected.

IN RE: A——D——, boatswain ex SS. *ENRICO C*, which arrived at the port of Newport News, Va., from foreign on April 23, 1959. Alien stowaways involved: G——B——, F——S——, T——B—— and R——G——.

BASIS FOR FINE: Act of 1952—Section 271(a) [8 U.S.C. 1321(a)].

#### BEFORE THE BOARD

**Discussion:** This appeal is directed to an administrative penalty of $4,000, $1,000 as to each of the alien stowaways, which the district director has ordered imposed on the above-named officer of the vessel for failure to prevent their landing. He also ordered that the penalty be mitigated to the dollar equivalent of 1,200,000 lire. He further ordered that the fine be remitted in its entirety, conditioned upon the vessel's officer named above executing a release as to any claim of right or title to the 1,200,000 lire, in favor of its return to the four named stowaways. The appeal will be sustained and the fine remitted in its entirety, without condition.

The alien here sought to be charged with responsibility was serving as boatswain on this vessel. He assisted the four named stowaways to board the vessel in an Italian port. He concealed them throughout its voyage to the United States. He continued their concealment until immigration inspection of the crew had been completed, upon arrival. However, Service officers later boarded the vessel and discovered the stowaways on the main deck, in readiness to go ashore. They also found 1,200,000 lire which the boatswain had received from the stowaways.

Thereafter, the stowaways and the boatswain were taken into immigration custody. They were then taken ashore for possible criminal prosecution. Apparently, the four stowaways were con-

323

◢

victed and sentenced under section 275 of the Immigration and Nationality Act (8 U.S.C. 1325), but the boatswain was acquitted.

This statute makes it the duty of every person, including officers of the vessel, "to prevent the landing" of aliens. Clearly, therefore, the element essential to the establishment of a violation herein is a "landing." That is, the initial issue raised is the presence or absence of this fundamental feature.

Judicial decisions on the point, particularly those based on predecessor legislation,[1] indicate that the term "landing" is a word of art. The Supreme Court of the United States has defined it thus: " 'to land' means to go ashore" and " 'landing from such vessel' takes place and is complete the moment the vessel is left and the shore is reached."[2] This language was later quoted verbatim by the Court of Appeals for the Ninth Circuit.[3] Accordingly, and in view of the penal nature of this statute, requiring for it strict interpretation, we hold that no "landing" was effected here. In so doing, we find unavailing the district director's efforts, with citations, to equate the taking ashore of these aliens to an "entry" for purposes of this proceeding, and we are not herein called upon to decide the validity of this argument as it relates to other sections of the Immigration and Nationality Act and expulsion proceedings thereunder.

**Order:** It is ordered that the appeal be sustained and that no fine be imposed.

---

[1] Sec. 18, Act of March 3, 1903; 32 Stat. 1213. Sec. 18, Act of Feb. 20, 1907; 34 Stat. 898. Sec. 10, Act of Feb. 5, 1917; 39 Stat. 874; former 8 U.S.C. 146.

[2] *Taylor* v. *United States*, 207 U.S. 120, involving sec. 18 of the 1903 act,[1] *supra.*

[3] *Niven* v. *United States*, 169 Fed. 782, also involving sec. 18 of the 1903 act.